## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAL YUSEF BARR,** | : | |
| **Petitioner** | : | **No. 1:26-cv-01043-YK** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **TRAVIS SHENK,** | : | |
| **Respondent** | : | |

### <u>MEMORANDUM</u>

Currently before the Court are pro se Petitioner Jamal Yusef Barr ("Barr")'s two applications for leave to proceed <u>in forma pauperis</u> and his petition for a writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons stated below, the Court will allow Barr to proceed <u>in forma pauperis</u>, will dismiss without prejudice his Section 2241 petition, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case.

### I.    BACKGROUND

On March 23, 2026, the West Shore Regional Police Department filed a criminal complaint charging Barr with (1) criminal attempt to commit involuntary deviate sexual intercourse by forcible compulsion (18 Pa. C.S. §§ 901(a), 3123(a)(1)), (2) criminal attempt to commit sexual assault (18 Pa. C.S. §§ 901(a), 3124.1), (3) indecent assault by forcible compulsion (18 Pa. C.S. § 3126(a)(2)), and (4) indecent assault without the complainant's consent (18 Pa. C.S. § 3126(a)(1)), for acts that allegedly occurred on March 18, 2026.  <u>See</u> (Doc. No. 1 at 2); <u>Commonwealth v. Barr</u>, No. MJ-09102-CR-0000072-2026 (Pa. Magis. Dist. Ct. <u>filed</u> Mar. 23, 2026) ("MDJ Dkt."); <u>Commonwealth v. Barr</u>, No. CP-21-CR-0000868-2026 (Cumberland Cnty. Ct. Com. Pl. <u>filed</u> Apr. 10, 2026) ("CCP Dkt.").[1]  A Cumberland County

---

[1] The Court takes judicial notice of the dockets for Barr's underlying criminal case, which is available on the Unified Judicial System of Pennsylvania Web Portal

Magisterial District Justice held a preliminary hearing on April 9, 2026, after which all charges were bound over to the Court of Common Pleas of Cumberland County for trial.  See MDJ Dkt.; CCP Dkt.  Barr has subsequently filed several pro se motions with the Court of Common Pleas, including an application for modification of bail, a request for a polygraph examination, a motion to quash, a motion in limine, a motion for a bill of particulars, and a motion for a transcript from his preliminary hearing.  See CCP Dkt.  It appears that a hearing on at least some of those motions is scheduled for May 15, 2026, and the Court of Common Pleas has a formal arraignment scheduled for June 8, 2026.  See id.

While Barr's criminal charges remain pending with the Court of Common Pleas, he commenced the instant action by filing his Section 2241 petition along with a supporting memorandum of law on April 16, 2026.  (Doc. Nos. 1, 1-1.)[2]  At the time he filed this petition, Barr was incarcerated in the Cumberland County Prison.  See (Doc. No. 1 at 1).

Barr asserts four claims in his habeas petition.  See (id. at 6–7).  First, he argues that his due-process and equal-protection rights under the Fourteenth Amendment were violated when he did not receive a timely preliminary hearing.  See (id. at 6).  Second, he contends that his due-process and equal-protection rights under the Fourteenth Amendment were violated when he was not fingerprinted in a timely fashion.  See (id.).  Third, he asserts that his Eighth Amendment

---

(https://ujsportal.pacourts.us/CaseSearch).  See Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

[2]  The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." See Houston v. Lack, 487 U.S. 266, 276 (1988).  Here, Barr included a declaration that he placed his Section 2241 petition in the prison mail system on April 16, 2026.  See (Doc. No. 1 at 8).  As such, the Court uses April 16, 2026, as the petition's filing date, even though the Clerk of Court did not docket it until April 21, 2026.

right against cruel and unusual punishment was violated when the Magisterial District Justice imposed bail in the amount of $100,000. See (id. at 6–7). Fourth, and finally, he argues that he was never issued a warrant for his arrest. See (id. at 7). For relief, Barr seeks, inter alia: (1) his immediate release from the Cumberland County Prison; (2) dismissal with prejudice of his criminal charges; (3) a declaration requiring the Commonwealth to give him $350 per day in lost wages for his illegal detention; (4) a declaration requiring the Commonwealth to give him $1,000 per day he was detained for his pain and suffering; and (5) expungement of his criminal complaint in this case. See (id.).

Along with his habeas petition, Barr filed an application for leave to proceed in forma pauperis ("IFP Application"). See (Doc. No. 3). He also submitted a prisoner trust fund account statement; however, it was not certified as required by the in forma pauperis statute. See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees . . ., . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined."). As such, an Administrative Order issued requiring the warden of the Cumberland County Prison to submit Barr's certified account statement to the Clerk of Court within fifteen days. (Doc. No. 5.) On May 1, 2026, the warden timely submitted Barr's certified account statement. (Doc. No. 6.) On the same date, Barr filed a second application for leave to proceed in forma pauperis along with a certified copy of his account statement. (Doc. Nos. 7, 8.)

## II.    LEGAL STANDARDS

### A.    Applications for Leave to Proceed in Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement . . . of any [civil] suit, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." See id.  This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 [(1989)].  Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation.  [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit.  Neitzke, 490 U.S. at 324[.]

See Douris v. Middletown Twp., 293 F. App'x 130, 131–32 (3d Cir. 2008) (unpublished).

### B.    Screening of Habeas Petitions

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions.  See R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.").  However, when a judgment against a habeas petitioner in a state criminal proceeding has not yet been entered and the petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under Section 2241, not [Section 2254], because Section 2254 requires that the petitioner be "in custody pursuant to the judgment of a State Court."  See 28 U.S.C. § 2254(a) (emphasis added).  Even though Barr has filed a Section 2241 petition in this case, the Court must still preliminarily screen it.  See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not

4

covered by Rule 1(a)).").  When conducting this screening, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See R. 4, 28 U.S.C. foll. § 2254; see also Lonchar v. Thomas, 517 U.S. 314, 320 (1996) ("[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."); McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

C.    **Habeas Petitions Under Section 2241 Filed by Petitioners with Pending State Criminal Charges**

While federal courts have jurisdiction to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding pursuant to Section 2241, see, e.g., Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975), in the pretrial setting, "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  See Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489 (1973).  Disfavor of pretrial intervention in state criminal proceedings is based on the notion of comity, "a principle of deference and 'proper respect' for state government functions in our federal system."  See Evans v. Ct. of Com. Pl. Del. Cnty., Pa., 959 F.2d 1227, 1234 (3d Cir. 1992) (citing Younger v. Harris, 401 U.S. 37, 44 (1971)); see also Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (unpublished) (explaining that Section 2241 jurisdiction "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes'" (quoting Moore, 515 F.2d at 445–46)).

5

### III.    DISCUSSION

#### A.    The IFP Application

After reviewing the IFP Application and Barr's certified account statement, it appears that he lacks the financial means to prepay the filing fee in this matter.  Therefore, the Court will grant the IFP Application and allow Barr to proceed in forma pauperis in this habeas action.  The Court will also deny Barr's second in forma pauperis application as moot.

#### B.    Screening the Petition

The Court has thoroughly reviewed Barr's Section 2241 petition, and it plainly appears that he is not entitled to habeas relief.  Even if some of Barr's claims are cognizable in habeas, they are nevertheless wholly unexhausted.  Accordingly, the Court will dismiss without prejudice his Section 2241 petition due to his failure to exhaust.

##### 1.    Barr's Requests for Monetary Relief

Among his requests for habeas relief, Barr seeks monetary damages for his lost wages as well as his pain and suffering while incarcerated.  See (Doc. No. 1 at 7).  The Court will dismiss these requests for relief because money damages are unavailable in federal habeas actions.  See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a . . . prisoner is seeking damages, [they are] attacking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy"); Gladden v. Doll, No. 21-cv-00802, 2021 WL 2567015, at *4 (M.D. Pa. June 23, 2021) ("Money damages are not available in a habeas action." (citing Ruff v. Warden FCI Schuylkill, No. 20-cv-00851, 2020 WL 2839092, at *1 n.2 (M.D. Pa. June 1, 2020))).

6

### 2.    Barr's Habeas Claims

As indicated above, Barr's habeas claims are wholly unexhausted, and he acknowledges as much in his petition.  See (Doc. No. 1 at 3).  Regarding exhaustion, although Section 2241 does not contain a statutory exhaustion requirement like Section 2254, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that[ ] . . . the applicant has exhausted the remedies available in the courts of the State . . . ."), "an exhaustion requirement has developed through decisional law, applying principles of federalism."  See Moore, 515 F.2d at 442.  Moreover, "although there is a distinction in the statutory language of [Sections] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."  See id.  Accordingly, the petitioner must have exhausted their state-court remedies regarding their claims before the federal court can consider their merits.  See id.; Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.").

To properly exhaust state remedies, a Section 2241 habeas petitioner must invoke "one complete round of the state's established appellate review process."  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based."  See Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (per curiam).

In this case, Barr has not demonstrated that he exhausted his available state remedies in his petition. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("The habeas petitioner carries the burden of proving exhaustion of all available state remedies." (citation omitted)). Barr does not aver that he first raised any of his claims for habeas relief in his underlying criminal proceedings or identify how the Court of Common Pleas addressed those claims. The publicly available docket entries for Barr's criminal case also shows that the Court of Common Pleas has not resolved any of his pretrial motions filed to date, although the Court recognizes that his charges as well as his motions have only been pending in the Court of Common Pleas for a short period of time. As such, it appears that Barr may still raise any constitutional claims for resolution by the Court of Common Pleas. Moreover, he has not demonstrated that his criminal case presents the type of "extraordinary circumstances" necessary to excuse his failure to exhaust. Therefore, because Barr has not exhausted his state-court remedies, the Court will dismiss his Section 2241 petition without prejudice to him refiling it after exhaustion. See Callwood, 230 F.3d at 634 (vacating district court's order dismissing Section 2241 habeas petition on the merits and remanding with instructions to the district court to "dismiss for failure to exhaust [state] remedies without prejudice to Callwood's refiling his challenge under § 2241 after exhaustion"); see also Lambert, 134 F.3d at 513 ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").[3]

---

[3] Some district courts in the Third Circuit decline to consider Section 2241 habeas petitions filed by petitioners with unresolved state criminal charges under Younger abstention:

> Where, as is the case here, state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Younger v. Harris, 401 U.S. 37 (1971); Moore, 515 F.2d at 447–48. Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford

## C.      Certificate of Appealability

Because Barr awaits the disposition of his state criminal charges, the Court presumes that

he requires a certificate of appealability ("COA") should he decide to appeal from this decision.

See 28 U.S.C. § 2253(c)(1)(A) (providing that unless a circuit justice or judge issues a COA, a

petitioner may not appeal from "the final order in a habeas corpus proceeding in which the

detention complained of arises out of process issued by a State court"); see also Reese v.

Pennsylvania, No. 19-cv-00775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (concluding

that COA requirement applies to Section 2241 petitions filed by state pretrial detainees); Harris

v. Pike County Corr. Facility, No. 20-cv-00962, 2021 WL 880477, at *3 (M.D. Pa. Mar. 9, 2021)

---

an adequate opportunity to raise the federal claims." Lazardis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).  If the three Younger requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised.  Id. at 670 n.4 (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).  These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances."  Id.; Moore, 515 F.2d at 448[; s]ee also Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Westlaw (database updated June 2021).

See Arrington v. Commonwealth, No. 21-cv-01282, 2022 WL 317147, at *3 (W.D. Pa. Jan. 13, 2022) (citing Pa. R. Crim. P. 576(4), (5)), report and recommendation adopted, 2022 WL 314675 (W.D. Pa. Feb. 2, 2022).

If this Court analyzed whether to abstain from resolving this case under Younger, abstaining would be appropriate.  There is an ongoing criminal proceeding in the Cumberland County Court of Common Pleas and granting habeas relief here would interfere with that proceeding. Additionally, the Commonwealth's criminal case against Barr implicates important state interests because it has a strong interest in enforcing its criminal laws.  Finally, there is no indication that Barr will not have the opportunity to raise claims challenging, inter alia, his bail amount, the timing of his preliminary hearing, the timing of his fingerprinting, arrest warrant, bench warrant, and the issuance of an arrest warrant, as part of his criminal proceedings.  See, e.g., Pa. R. Crim. P. 578 (requiring that all requests for pretrial relief, such as those seeking "to quash or dismiss an information," to be "included in one omnibus motion").  Therefore, Barr's claims relating to his state-court criminal proceedings also meet the requirements for Younger abstention.

(declining to issue COA as part of dismissal of state pretrial detainee's Section 2241 petition). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When deciding whether to issue a COA after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, jurists of reason would not find the disposition of this case debatable, i.e., that Barr failed to exhaust his state-court remedies prior to filing his Section 2241 petition here and that he failed to present extraordinary circumstances to warrant this Court excusing this failure. See, e.g., Burley v. Superintendent Forest SCI, No. 22-2719, 2023 WL 2560361, at *1 (3d Cir. Feb. 3, 2023) (unpublished) (denying COA because "reasonable jurists would not debate the conclusion that there was no reason for the District Court to exercise jurisdiction over Appellant's current [Section 2241] habeas petition because he failed to establish that (1) he exhausted his state-court remedies or (2) his case presents 'extraordinary circumstances.'" (quoting Moore, 515 F.2d at 443)). Accordingly, the Court will not issue a COA in this Section 2241 habeas case.

## IV.    CONCLUSION

For the reasons stated above, the Court will grant Barr's IFP Application, deny Barr's second in forma pauperis application as moot, dismiss without prejudice Barr's Section 2241

10

habeas petition, decline to issue a COA, and direct the Clerk of Court to close this case.  An

appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania